**THIS ORDER IS APPROVED.**

Dated: September 8, 2013



*Brenda Moody Whinery*
**Brenda Moody Whinery, Bankruptcy Judge**
_____

German Yusufov
YUSUFOV LAW FIRM PLLC
5151 E. Broadway Blvd., Suite 1600
Tucson, Arizona 85711
Telephone: (520) 745-4429
Email: bankruptcy@yusufovlaw.com
State Bar No. 023544
Attorney for Debtor/Plaintiff

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>LOUISA MARIA NICOLUCCI,<br><br>    Debtor(s). | Chapter 13<br><br>Case No.: 4:13-bk-05384-BMW |
| LOUISA MARIA NICOLUCCI,<br><br>    Plaintiffs,<br><br>vs.<br><br>SPECIALIZED LOAN SERVICING, LLC, a Delaware limited liability company; GMAC MORTGAGE, LLC, a Delaware limited liability company,<br><br>    Defendants. | Adv. No.:  4:13-ap-00548-BMW<br><br>**DEFAULT JUDGMENT AVOIDING LIEN ON REAL PROPERTY** |

On May 9, 2013, Debtor filed a complaint to value and avoid the lien of Specialized Loan Servicing LLC and GMAC Mortgage LLC (hereinafter collectively "Lienholder") against the property commonly known as 7442 E. Calle Toluca, Tucson, AZ 85710, and more fully described as

Lot 84, of VISTA DEL SAHUARO II, a subdivision, according to the plat of record in the office of the County Recorder of Pima County, Arizona, recorded in Book 13 of Maps, Page 97

(hereinafter the "Second Lien").

This Second Lien is in second position and is in the approximate amount of $38,268. The first lien is held by Nationstar Mortgage, in the approximate amount of $134,544. The property is worth approximately $130,000. Therefore, there is no secured value in the amount of the Second Lien.

The Court finds that service of the complaint upon Lienholder was proper. Lienholder having failed to timely respond to Debtor's complaint, the Court hereby orders as follows:

1. For purposes of Debtor's Chapter 13 plan, the Second Lien is valued at zero. Lienholder does not have a secured claim and the Second Lien may not be enforced, pursuant to 11 U.S.C. §§ 506, 1322(b)(2) and 1327, provided that the Chapter 13 case is completed and the Debtor receives a discharge.

2. This order shall become part of Debtor's confirmed Chapter 13 Plan.

3. Upon entry of a discharge in Debtor's Chapter 13 case, the Second Lien shall be voided for all purposes and Lienholder shall, upon receipt of the notice of said discharge, promptly record a release of its Second Lien with the Pima County Recorder's office.

4. If Debtor's Chapter 13 case is dismissed or converted to Chapter 7 before Debtor obtains a discharge, this order shall cease to be effective and the Second Lien shall be retained to the extent recognized by applicable non-bankruptcy law and, upon application by Lienholder, the Court will enter an appropriate form of order restoring the Second Lien.

5. Except as provided by separate, subsequent order of this Court, the Second Lien may not be enforced so long as this order remains in effect.

6. Any Proof of Claim filed by Lienholder regarding this Second Lien will be classified and paid as a general unsecured claim.

**DATED AND SIGNED ABOVE.**